UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

       Plaintiff,                           Hon. Robert Holmes Bell

v.                                            Case No. 1:14-cv-01000-RHB

WILLIAM PRICKETT, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the December 19, 2014, Order to Show Cause why defendant William Prickett should not be held in contempt for his failure to appear for a December 18, 2014, hearing (Dkt. 41). Having conducted a hearing on January 27, 2015, and having given him an opportunity to be heard, I recommend that Mr. Prickett be held in contempt of Court for the following reasons.

On December 18, 2014, Mr. Prickett failed to appear before this Court for a hearing on plaintiffs' motion to compel answers to interrogatories and production of documents. The show-cause order noticed a hearing for January 8, 2015 (Dkt. 41).

On January 6, 2015, the Court received by mail Mr. Prickett's motion to appear by telephone or video conferencing (Dkt. 43). Noting the gravity of the matter and Mr. Prickett's prior conduct regarding court appearances, the Court denied that motion (Dkt. 44).[1]

---

[1] Mr. Prickett failed to appear for an October 22, 2014, hearing before the Honorable Robert Holmes Bell on plaintiffs' motion for a preliminary injunction (Dkt. 26).

On January 8, 2015, approximately two hours before the scheduled hearing, the Court received by overnight mail Mr. Prickett's motion to continue the hearing (Dkt. 46). This motion arrived too late to allow the Court to notify plaintiffs' counsel who was already in transit from Chicago.  A hearing was conducted, as scheduled, at which plaintiffs' counsel appeared.  Mr. Prickett  did not appear either in person or by counsel. At this hearing, plaintiffs objected to the motion for continuance, citing the lack of notice.  Given the circumstances, the Court reluctantly granted the motion and rescheduled the hearing for January 27, 2015 (Dkt. 47).

Defendant Prickett appeared for the January 27, 2015, hearing.  He advised the Court that he failed to appear for the December 18, 2014, hearing because he was unable to make travel arrangements to come to Grand Rapids on that date.  Mr. Prickett also advised the Court that he had received the notice of the December 18, 2014, hearing only three days prior to the hearing.  Mr. Prickett stated he was sorry for missing the hearing.  When asked why he did not file a motion to adjourn the hearing, or otherwise contact the Court, Mr. Prickett stated: "I really didn't understand that I needed to."[2]  When pressed to explain how an individual of his intelligence would not have understood the need to contact the Court regarding his non-appearance, Mr. Prickett repeatedly re-asserted his contention that he lacked any understanding of the need to file a motion or to otherwise contact the Court.  He also stated that he did not know how to file a motion with the Court.

Mr. Prickett's statements to the Court are not credible.  On October 9, 2014, Mr. Prickett filed a response in opposition to plaintiffs' motion for a preliminary injunction (Dkt. 18).  On October 17, 2014, Mr. Prickett filed a motion to dismiss the complaint, in which he included argument with citation to legal authority, and to which he appended four exhibits (Dkt. 22).  More

---

[2]The January 27, 2014, show-cause hearing was recorded.

to the point, on October 22, 2014, Mr. Prickett filed a motion seeking a continuance of a hearing scheduled before the Honorable Robert Holmes Bell (Dkt. 25), two full months before the December 18, 2014, hearing at issue here.

Mr. Prickett admitted, during the show-cause hearing that he filed these motions, *pro se*, without the assistance of counsel. His previous actions in this regard rebut his contended ignorance regarding both the need to file a motion and the process for doing so.

Mr. Prickett's credibility is further undermined by his false statement to the Court regarding the contents of an email he sent plaintiffs' counsel the day before the show-cause hearing. During the hearing, plaintiffs' counsel advised the Court that he had sent Mr. Prickett an email on January 26, 2015, inquiring whether Mr. Prickett intended to appear at the hearing and for his scheduled deposition. Counsel further advised that he received a responsive email from Mr. Prickett at approximately 8:30 p.m. (CST) on January 26 in which Mr. Prickett stated simply: "Not going."

When given an opportunity to respond to this issue, Mr. Prickett denied making the statement "not going," and instead, advised the Court that his response to counsel's email was to the effect of "are you not going?" Even when provided a hard copy of the email, Mr. Prickett persisted in his claim that his response was simply to inquire of plaintiffs' counsel if he was going to the hearing. Mr. Prickett noted that he had used his cellular telephone to send the email, and he suggested that his cell phone would have a copy of the email, which would support his contention regarding its content. Upon being asked to show the Court his cell phone, Mr. Prickett stated that he had left it at his hotel. When the Court announced its intention to adjourn the hearing, to give Mr. Prickett an opportunity to bring his cell phone so that the content of the email could be reviewed, Mr. Prickett finally admitted that he had, in fact, sent the email stating "not going."

Mr. Prickett's conduct in failing to appear for the December 18, 2014, hearing, and in failing to make any effort to inform the court or plaintiffs' counsel that he would not be appearing is contemptible. His lack of candor to the Court during the show-cause hearing is inexcusable.

Having failed to provide the Court with an adequate response to the show-cause order, I recommend that Mr. Prickett be held in contempt for his failure to appear for the December 18, 2014, hearing, leaving to the sound discretion of the Honorable Robert Holmes Bell to determine an appropriate sanction.

Respectfully submitted,

Date:  January 28, 2015           /s/ Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).