UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

        Plaintiffs,                            Hon. Robert Holmes Bell

v.                                             Case No. 1:14-cv-01000-RHB

WILLIAM PRICKETT, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant William Prickett's Motion to Dismiss: New Discoveries (Dkt. 37), which was referred to the undersigned by the Honorable Robert Holmes Bell for report and recommendation under 28 U.S.C. § 636(b)(1)(B). On January 27, 2015, I heard oral arguments on this motion. Having considered the parties' oral and written submissions, I recommend that the motion be denied.

Defendant Prickett's pending motion is essentially a renewed Rule 12(b)(6) motion to dismiss, as it rests primarily on the argument that his employment was terminated in 2008, and that he was later re-hired without a non-compete agreement. This is a repeat of the argument he made in a previous motion to dismiss (Dkt. 22), which the Court denied on October 22, 2014 (Dkt. 27). Accordingly, an extensive analysis is unnecessary here.

Although there is no categorical prohibition on renewed or successive motions to dismiss, the issues in the successive motion are generally limited to matters that have not been previously addressed by the Court, or that are supported by an expanded record. *See Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995); *see also Stryker Corp. v. TIG Ins. Co.*, No. 1:05-cv-51, 2014 WL

198678, at *2 (W.D. Mich. Jan. 15, 2014) (examining the law of the case doctrine and circumstances under which it may be appropriate for a district court to exercise its discretion and revisit an earlier ruling).  Defendant Prickett is merely rehashing old, rejected arguments from his first motion.  There is "no reason to readdress those claims."  *Howard v. Gutierrez*, 571 F. Supp.2d 145, 155 (D.D.C. 2008).

Defendant Prickett attempts to support his Rule 12(b)(6) motion to dismiss with documents he purportedly received in discovery from plaintiffs after filing his first motion (*see* Dkt. 37, Page ID 296-97; *see also* Exhibits, Page ID 304-10).  None of the proffered exhibits may be considered.  In deciding a motion to dismiss under Rule 12(b)(6), the Court is generally limited to reviewing "'the allegations of the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]'"  *Henry v. Chesapeake Appalachia, L.L.C.*, 739 F.3d 909, 912 (6th Cir. 2014) (quoting *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008)).  Accordingly, defendant Prickett's attempt to renew his motion to dismiss based on these documents must fail.

Although defendant's Motion to Dismiss: New Discoveries never mentions Rule 12(b)(1), a part of his motion may have been intended as a facial attack on the portion of plaintiffs' complaint invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.  (*see* Complaint ¶ 15, Dkt.1 Page ID 5).  Defendant disagrees with plaintiffs' allegation that the amount in controversy exceeds $75,000.  (see Dkt. 37 at 3, Page ID 298).  Defendant has not established grounds for dismissal.  Plaintiffs have alleged the requisite amount in controversy and it does not appear "to a legal certainty that the claim[s are] really less than the jurisdictional amount."  *Basiccomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992); *see FirstEnergy Solutions Corp. v. Flerick*, 521 F. App'x

521, 525 (6th Cir. 2013); *Systems Products & Solutions, Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *4 (E.D. Mich. Aug. 8, 2014).

    Accordingly, I recommend that defendant Prickett's Motion to Dismiss: New Discoveries (Dkt. 37) be denied.

                                                                   Respectfully submitted,

Date:  January 29, 2015                            /s/ Phillip J. Green
                                                       PHILLIP J. GREEN
                                                       United States Magistrate Judge

## NOTICE TO PARTIES

    Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).