UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, a Michigan
corporation; and STRYKER SALES
CORPORATION, a Michigan corporation,

      Plaintiffs,

v.

WILLIAM PRICKETT, an individual; and
PHYSICIAN'S CHOICE MEDICAL REPAIR,
INC., a purported North Carolina Corporation,

      Defendants.
                                     /

Case No. 1:14-CV-1000

HON. ROBERT HOLMES BELL

## O P I N I O N

      This matter is before the Court on Plaintiffs' motion for contempt for violations of this Court's October 22, 2014, Preliminary Injunction Order (ECF No. 31) and on the Magistrate Judge's January 25, 2015, Report and Recommendation recommending that Defendant William Prickett be held in contempt of Court for his failure to appear at a hearing on Plaintiffs' motion to compel answers to interrogatories and production of documents on December 18, 2014 (ECF No. 53).

      No objections have been filed to the January 25, 2015, R&R, and the deadline for doing so has expired. The Court has reviewed the R&R and concludes that the Magistrate Judge's recommendation that Defendant be held in contempt of court for failing to appear

at the December 18, 2014, hearing is appropriate.

A hearing was held on Plaintiffs' motion for contempt for violations of the Preliminary Injunction order on February 20, 2015. Defendant William Prickett did not appear.

A court can enforce its injunctive orders with a finding of contempt. *Innovation Ventures, LLC v. N2G Distributing, Inc.*, 763 F.3d 524, 546 (6th Cir. 2014). The power to punish for contempt should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEQ v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range co.*, 221 U.S. 418, 450 (1911)). Nevertheless, contempt power is "a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Id.* (quoting *Gompers*, 221 U.S. at 450). "Contempt proceedings enforce the basic proposition that "'all orders and judgments of courts must be complied with promptly.'" *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir. 1987) (quoting *Jim Walter Resources, Inc. v. International Union, United Mine Workers*, 609 F.2d 165, 168 (5th Cir.1980)). "A litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id.* at 591 (quoting *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

In light of the declaration and other evidence attached to Plaintiffs' motion for contempt, and for the reasons stated on the record in open court on February 20, 2015, the Court finds by clear and convincing evidence that Defendant William Prickett has violated the definite and specific provisions of the preliminary injunction prohibiting him from using the Stryker name in his business, from using Plaintiffs' confidential and proprietary information, from servicing any Stryker equipment, from competing with Stryker, from soliciting Plaintiffs' customers, and from soliciting Plaintiffs' employees. The Court also finds by clear and convincing evidence that he has violated the definite and specific provision of the preliminary injunction requiring him to provide to Plaintiffs all passwords he used on Stryker electronic devices.

As a result of his contempt, the Court will order that Defendant William Pricket be arrested, brought before this Court, answer questions posed to him at his deposition, provide passwords for electronic devices, respond to Plaintiffs' written discovery, and pay fees and costs associated with his contemptuous conduct. Plaintiffs shall submit a petition for fees and costs incurred as a result of William Prickett's contemptuous conduct. Bond will be set at $100,000 full cash. Accordingly,

An order and arrest warrant consistent with this opinion will be entered.


Dated: February 20, 2015              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE