UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION et al.,

    Plaintiffs,

v.

WILLIAM PRICKETT et al.,

    Defendants.
_____/

File No. 1:14-CV-1000

HON. ROBERT HOLMES BELL

## ORDER

This matter is before the Court on a motion by Stryker Corporation and Stryker Sales Corporation (collectively, "Stryker") for contempt (ECF No. 107) against Defendants William Prickett and Physician's Choice Medical Repair, Inc. ("PCMR"). Magistrate Judge Phillip J. Green held a hearing on the motion and entered a Report and Recommendation ("R&R") certifying facts in favor of civil contempt, and recommending that the Court order specific sanctions after giving Defendants an opportunity to show cause why the sanctions should not be entered. (R&R, ECF No. 152.) The R&R gave the parties 14 days to file objections. More than 14 days have passed and no objections have been filed.

Magistrate Judge Green also entered an order requiring Defendants to appear before the Court to show cause why they should not be found in contempt. The parties appeared before the Court on August 18, 2016, and confirmed that they do not object to the R&R or to the sanctions recommended therein.

Having reviewed the matter *de novo* pursuant to 28 U.S.C. § 636, the Court agrees with the findings and analysis in the R&R and concludes that it makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the findings and conclusions in the R&R (ECF No. 152) are **ADOPTED** as the findings and conclusions of this Court.

**IT IS FURTHER ORDERED** that the sanctions recommended by the R&R are **APPROVED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for contempt against Defendants (ECF No. 107) is **GRANTED** to the extent that it seeks civil contempt.

**IT IS FURTHER ORDERED** that:

1. Defendants Prickett and PCMR shall, within thirty days of the date of this order, file a statement with the Court enumerating the actual costs incurred in generating the gross revenues relating to the provision of service, repairs, or sales of parts, after October 22, 2014, to Nash General Hospital, Wilson Medical Center, and Atlantic Gastroenterology (including any service agreement), as reflected in the invoices contained in Exhibits E, F, and G to Stryker's motion for contempt (ECF Nos.108-5, 108-6, and 108-7). The burden shall be on Defendants to prove actual costs. Defendants will be ordered to pay Stryker the net amount, as disgorgement of the profits Defendants obtained in violation of the Court's preliminary injunction.

2. Defendants shall, within thirty days of the date of this order, post a surety bond in the amount of $25,000 to ensure future compliance with the preliminary injunction. Defendants shall have the burden of proving an inability to post a bond in this amount.

3. Stryker shall, within fourteen days of the date of this order, file with the Court a petition for reasonable costs, including attorneys' fees, associated with the motion for contempt (ECF No. 107) and the third-party discovery, including

       Rule 30(b)(6) depositions, relating to the invoices obtained from Nash General Hospital, Wilson Medical Center, and Atlantic Gastroenterology.

4.     Defendants shall, within fourteen days of the filing of Plaintiffs' petition for costs, file a response; any issue not timely presented in the response will be deemed waived.

Dated: <u>August 19, 2016</u>                              <u>/s/ Robert Holmes Bell</u>
                                                                          ROBERT HOLMES BELL
                                                                          UNITED STATES DISTRICT JUDGE